UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| BARRY G. INGRAM<br><br>　　　　　Plaintiff,<br>v.<br>STONESTOWN SHOPPING CENTER, et al.,<br>　　　　　Defendants.<br>_____/ | No. C 13-2733 MEJ<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

On June 13, 2013, Plaintiff Barry Ingram filed a complaint and an application to proceed in forma pauperis. Plaintiff has consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court GRANTS Plaintiff's application to proceed in forma pauperis and DISMISSES the complaint WITHOUT LEAVE TO AMEND.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Here, Plaintiff has submitted the required documentation, and it is evident from the application that Plaintiff's assets and income are insufficient to enable Plaintiff to pay the filing fees. Accordingly, the Court GRANTS Plaintiff's application to proceed in forma pauperis.

## SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)

**A.   Legal Standard**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure (Rule) 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e) (2)(B)(ii) parallels the language of Federal Rule of Civil Procedure ("Rule") 12(b)(6)). As the United States Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts. A complaint is "frivolous" when it lacks an arguable basis either in law or in fact. *Id.* at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the Court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that the Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327). Further, the Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by

asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

The Court may also dismiss a complaint sua sponte under Rule 12(b)(6). *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions," and merely "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under 12(b)(6), the Court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, the Court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez,* 203 F.3d at 1130.

3

### B.   Application to the Case at Bar

In his Complaint, Plaintiff alleges that security personnel at Stonestown Shopping Center approached him to say that he could not have a "Trader Joe's" shopping cart in the shopping center, but at the same time allowed other shoppers to have the carts on the premises. Compl. at 2-3, Dkt. No. 1. Plaintiff claims that the security personnel acted with clear prejudice against him based on his race. *Id.* at 4. He brings causes of action under 42 U.S.C. §§ 1981 and 1983, as well as state law causes of action, against Defendants Stonestown Shopping Center, Stonestown Facility Senior Manager Rick Forster, Security Personnel Director James A. Adams, and Security Officer Samson Saba.

#### 1.   42 U.S.C. § 1983

Under 42 U.S.C. § 1983, any person "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . [who] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." To state a claim under § 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Here, the facts alleged in the Complaint do not establish that any of the Defendants were state actors or acting under the color of state law. Plaintiff refers to them as private actors. Compl. at 3. Further, even if Plaintiff were to argue that any of the named Defendants were in any way funded or regulated by a state entity, such a claim would not survive under § 1983. The United States Supreme Court has held that "detailed regulation of and substantial funding for private actors are not sufficient to transform the party's conduct into state action." *Jensen v. Lane Cnty.*, 222 F.3d 570, 575 (9th Cir. 2000) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982)); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1538 (9th Cir. 1992) (contracting with a state entity does not, by itself, transform conduct into state action). As such, Plaintiff's claim under § 1983 must be dismissed.

### 2. 42 U.S.C. § 1981

Plaintiff's claim under 42 U.S.C. § 1981 also fails. In order to plead a claim under § 1981, a plaintiff must allege that (1) he is a member of a racial minority; (2) the defendant intended to discriminate against plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts, etc.). *Peterson v. State of Cal. Dept. of Corr. and Rehab.*, 451 F. Supp. 2d 1092, 1101 (E.D. Cal. 2006) (citing *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993)). Since a § 1981 claim is predicated on the existence of a contract, and no such contract exists in this case, Plaintiff's claim fails as a matter of law.

### 3. State Law Claims

Plaintiff also brings state law causes of action. A federal court's exercise of supplemental jurisdiction over state law claims is governed by 28 U.S.C. § 1367. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under § 1367(c)(3), however, a district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim where "the district court has dismissed all claims over which it has original jurisdiction." In exercising that discretion, courts consider whether the exercise of supplemental jurisdiction is in the interests of economy, convenience, fairness, and comity. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Having dismissed Plaintiff's federal causes of action and in consideration of the *Carnegie-Mellon* factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims in this case.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's application to proceed in forma pauperis and DISMISSES the complaint WITHOUT LEAVE TO AMEND. As to Plaintiff's state law causes of action, this Order is made without prejudice to Plaintiff filing these causes of action in state court.

**IT IS SO ORDERED.**

Dated: June 20, 2013

_____
Maria-Elena James
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BARRY G. INGRAM,

              Plaintiff(s),

  v.

STONESTOWN SHOPPING CENTER ET AL,

              Defendant(s).

No. C 13-02733 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 20, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Barry G. Ingram
180 Stueart Street
Suite 192852
San Francisco, CA 94119-2852

Dated: June 19, 2013

                                    Richard W. Wieking, Clerk
                                    By: Rose Maher, Deputy Clerk